# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

JOSHUA GALLISHAW, #251362, )
                                )      CIVIL ACTION NO. 0:05-2949-CMC-BM
             Petitioner, )
                                  )
v.                                     )
                                     )
STATE OF SOUTH CAROLINA, )     **REPORT AND RECOMMENDATION**
and HENRY MCMASTER, )
ATTORNEY GENERAL OF )
SOUTH CAROLINA; )
                                     )
           Respondents. )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on October 13, 2005.[1]

        The Respondents filed a return and motion for summary judgment on December 14, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on December 15, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Despite this warning, however, Petitioner has failed to respond to the Respondents' motion, which is now before the Court for disposition.[2]

---

        [1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed October 24, 2005, n. 2.

        [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



**Procedural History**

Petitioner was indicted in July 1998 in Sumter County for murder, possession of a weapon during commission of a violent crime, and possession of a pistol by a person under 21 (Indictment No. 98-GS-43-0685). (R.pp. 369-370). Petitioner was accused of shooting and killing a man as he sat in a car. Petitioner was represented by Michael Jordan, Esquire. After a trial by jury on November 14-15, 2000, Petitioner was found guilty of the lesser included offense of voluntary manslaughter on the murder count, and as charged on the possession counts. (R.pp. 256, 368). Petitioner was sentenced to a term of eighteen (18) years for voluntary manslaughter and five (5) years, concurrent, on each of the two possession charges. (R.pp. 267-268, 372-374).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Joseph L. Savitz of the South Carolina Office of Appellate Defense, who filed an <u>Anders</u> [3] brief raising the following issue:

> Whether the judge erred by neglecting to instruct the jury concerning self-defense on the effect of prior "bad blood" between the parties and the right to continue to shooting until the perceived threat was neutralized?

<u>See</u> Petition, p. 3.

---

Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>See</u> <u>Anders</u>, 386 U.S. at 744. <u>See</u> <u>also</u> <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).



Petitioner also filed a <u>pro</u> <u>se</u> <u>Anders</u> brief dated October 30, 2001, in which he raised the following additional issue:

> Did trial Court err[] in denying counsel's motion for a Directed Verdict on the charge of murder?

<u>See</u> Petition, p. 4.

The South Carolina Court of Appeals denied the Petition and affirmed Petitioner's convictions and sentences on April 25, 2002. <u>State v. Gallishaw</u>, Unpubl.Op.No. 2002-UP-295 (S.C.Ct.App. 2002).

The Remittitur was sent down on May 28, 2002.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") on August 27, 2002. Petitioner asserted the following claims in his APCR:

> **Ground One:** Counsel was ineffective for failure to allow the applicant his right to the compulsory process.
>
> **Ground Two:** Counsel was ineffective during trial for failing to request the trial judge to instruct the jury concerning self-defense on the effect of prior "bad blood" between the parties and the right to continue shooting until the perceived threat was neutralized.
>
> **Ground Three:** Counsel was ineffective for failing to request the Court to charge the jury that "the State bore the burden of disproving self-defense beyond a reasonable doubt.
>
> **Ground Four:** Trial Counsel was ineffective during trial for failing to object, seek curative instruction, or move for a mistrial with respect to numerous passages of improper, inflammatory, and prejudicial argument by the prosecutor, which denied applicant due process of law.

(R.p. 283).

Petitioner subsequently filed an amendment to his petition raising the following additional issues:

> **Ground Five:** Applicant was denied effective assistance of counsel on the grounds of no[t] raising victim's reputation.
>
> **Ground Six:** Counsel was ineffective for not seeking curative instructions.

3



**Ground Seven:** Counsel was ineffective during trial for failing to object to introduction of prior bad acts of applicant.

<u>See</u> Amended Petition.

An evidentiary hearing was held in this matter on June 24, 2003, at which Petitioner was present and represented by Richard Blackmon, Esquire. (R.pp. 301-354). On September 17, 2003, the PCR judge entered an order denying the petition in its entirety. (R.pp. 355-360).

Petitioner filed a <u>pro se</u> notice of appeal dated September 25, 2003. Petitioner also attempted to file a <u>pro se</u> "Rule 59(e) Motion to Alter/Amend Judgment" dated October 24, 2003, which was dismissed by order of the PCR judge on November 4, 2003. The PCR judge held that Petitioner's motion was untimely as well as improperly filed after jurisdiction had been transferred by the notice of appeal. On November 15, 2003, Petitioner sent a document which attempted to add the following issues to the purported Rule 59(e) motion:

1)    Failure to properly cross examine the witness.

2)    Did not address hearsay issue.

3)    Did not address issue concerning victim's reputation.

4)    Did not address issue concerning introduction of Applicant's prior history.

On November 24, 2003, the South Carolina Supreme Court issued an order denying Petitioner's "Motion to permit late filing on Rule 59(e) motion". <u>See</u> Order dated November 24, 2003.

With respect to Petitioner's appeal, Wanda Hagler, Acting Deputy Chief Attorney, was appointed to represent the Petitioner. Hagler filed a writ and raised the following issues:

1) Did PCR counsel err in failing to object to the self-defense burden of proof charge?



2) Did trial counsel err in failing to request a charge on "prior difficulties" in connection with the self-defense charge?

3) Did trial counsel err in failing to request an instruction on the defense of others?

4) Was trial counsel ineffective in failing to object to the solicitor's comments regarding petitioner's failure to call witnesses?

5) Did trial counsel err in failing to call favorable witnesses in order to corroborate petitioner's claim of prior difficulties in support of his self-defense case?

See Petition, p. 2.

The South Carolina Supreme Court denied certiorari in an unpublished order filed September 7, 2005. See Order filed September 7, 2005. The Remittitur was issued on September 23, 2005.

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

1.      Ineffective Assistance of Counsel[];

2.      Post Conviction Relief Judge erred in forcing applicant to go through with P.C.R. Hearing; and

3.      Defective Indictment.

See Petition, pp. 5-6.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the Petitioner has failed to exhaust his state remedies before filing this federal petition. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further,

5



while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to allow Petitioner his right to compulsory process; for failing to instruct the jury on bad blood between the parties and right to continue shooting until the threat was neutralized; failing to object to the self defense burden of proof charge; failing to seek or object to curative instruction or move on prosecutor misconduct; not raising victim's reputation; failing to object to introduction of prior bad acts of the Petitioner; not raising defense of others charges; and failing to object to the solicitor's comments regarding Petitioner's failure to call witnesses. These issues, with the exception of counsel failing to seek or object to curative instruction or move on prosecutor misconduct[4], were generally raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986).

The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u>

---

[4]It is not completely clear what Petitioner is alleging under this issue. <u>See</u> discussion, <u>infra</u> (Ground One (E)).



<u>Gallishaw v. State of South Carolina</u>, No. 2002-CP-43-976. After detailing the testimony presented, the PCR judge found: 1) that every aspect of Petitioner's testimony regarding the deficiencies of his trial counsel's representation was not credible; 2) that trial counsel's testimony as to his representation, investigation, preparation, and negotiation of the plea was credible and was afforded great weight; 3) that Petitioner failed to meet either requirement of <u>Strickland</u>; 4) that Petitioner was allowed to amend his petition and the court heard all of Petitioner's claims; 5) that Petitioner's counsel met the reasonable professional norms and his actions were either strategic or appropriate under the circumstances; 6) that with regard to claims involving the indictment, the indictment gave the time, place, and manner of events in which Petitioner was accused of having participated; 7) that all necessary elements of the crime were included in the indictment; 8) that the indictment was sufficient to inform Petitioner of the circumstances which he would be called upon to defend and that the Court had subject matter jurisdiction over the case; 9) that state Rule 3 is a procedural rule only and does not affect the subject matter jurisdiction if the indictment is presented to the Grand Jury outside of the time required by Rule 3; and 10) that with regard to any and all allegations which were or could have been raised by the Petitioner or at the hearing in this matter but were not specifically addressed in the PCR court's Order, the Petitioner failed to produce probative evidence on these allegations and Petitioner had waived such allegations.  (R.pp. 356-359).

Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).



> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.   First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Mazzell, 88 F.3d at 269.  After careful review of the Petition and the record presented to this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears  the burden of proving his allegations when seeking a writ of habeas corpus].

     **A)** With respect to Petitioner's claim that his counsel failed to allow Petitioner his rights to compulsory process,  Petitioner apparently is contending that his counsel failed to call certain witnesses, as this was the issue raised in his PCR appeal and rejected by the South Carolina Supreme Court.

     The record reflects that, at trial, Petitioner and his brother testified that some months prior to the shooting the victim had robbed Petitioner and some others at gunpoint, forcing Petitioner to disrobe.  (R.pp. 154-158, 176-180).  Petitioner testified that he told his counsel about this incident.  (R.pp. 195-196).  At his PCR hearing, Petitioner testified that, prior to trial, he



gave his counsel a number of names of people who witnessed this alleged prior incident. Petitioner claimed that his counsel never subpoenaed these witnesses and never told Petitioner he had talked with them. (R.pp. 311-313). While trial counsel admitted that Petitioner had told him about this prior incident and that there were people present, he testified that his file reflected that Petitioner did not provide full names, addresses, or other contact information for any witnesses. Counsel testified that Petitioner's brother did testify at trial confirming this incident, but that when his investigator went out to try to track down many of these other purported witnesses, the investigator was either unsuccessful in locating the people, or the people refused to provide helpful information. (R.pp. 329-338).

Petitioner did not produce any of these witnesses at his PCR hearing to testify as to what they supposedly witnessed, and has therefore offered only his own speculation as to what these witnesses would have testified to if they could have been located and produced at his trial. This offering is insufficient to show his counsel was ineffective. See generally Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996)["[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."]; Bassette v. Thompson, 915 F.2d 932, 940-941 (4th Cir. 1990)[petitioner's allegation that defense counsel did ineffective investigation did not support relief absent proffer from a witness or witnesses]; see also Moss v. Hofbauer, 286 F.3d 851, 864-866 (6th Cir. 2002)[speculation as to possible lines of cross-examination was insufficient to merit relief where no evidence was presented as to how witness would have testified had the cross-examination been pursued]; Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3rd Cir. 1991)[applicant cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative



testimony might have established his defense.  Rather, he must set forth facts to support his

contention."]. Hence, Petitioner has not shown his counsel was deficient on this basis, nor has he

shown the necessary prejudice with regard to this claim.  <u>Evans</u>, 220 F.3d at 312; <u>Williams v.</u>

<u>Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>; <u>Beaver</u>, 93 F.3d at 1195; <u>Bassette v. Thompson</u>,

<u>supra</u>.  <u>See also Moss</u>, 286 F.3d at 864-865;  <u>Zettlemoyer</u>, 923 F.2d at 298.

     **B)** Petitioner also contends that his counsel was ineffective for failing to ensure that

the Court instructed the jury on the existence of prior bad blood between the parties.  As

previously discussed, the petitioner and his brother testified about an alleged prior incident where

the victim robbed the Petitioner at gunpoint;  <u>see</u> discussion, <u>supra</u>; but no specific charge as to

prior difficulties was given during the self defense charge. This issue was raised in Petitioner's

PCR appeal and  rejected by the South Carolina Supreme Court.

     Trial counsel testified that he believed the Court's charge on self defense and acting

on appearances covered the issues in this case.  Counsel further stated that he relies on the criminal

charge book of University of South Carolina  Professor Patrick Hubbard, and based on that treatise

he did not submit any specific charge on prior difficulties.  Counsel also  stated that he did argue

the issue in closing, but noted that a case on a prior difficulties charge had come out only a few

months before trial.  (R.p. 340).    The record reflects that, a few months before Petitioner's trial,

the South Carolina Supreme Court reversed a murder conviction because the trial court refused

the defense's request for a charge, finding that the jury was entitled to consider prior incidents of

violence between the parties in judging whether the defendant had a reasonable fear of imminent

danger.  <u>State v. Day</u>, 535 S.E.2d 431,436 (S.C. 2000).

     Respondents point out that there is a difference between the high standard for



harmless error in a direct appeal, and the standard for ineffective assistance of counsel of a "reasonable probability of a different result", and argue that Petitioner's claim fails to meet this latter standard. Respondents note that Petitioner's counsel argued extensively, without objection, in his closing argument that the victim had threatened and robbed the Petitioner; (R.pp. 211-215); and the trial court charged that the elements of self-defense required that the Petitioner actually believe he was in serious danger, and that a reasonable person would share that same belief. Respondents argue that, given the testimony about the prior incident along with the closing argument, it is not objectively unreasonable to conclude that the mere addition of a prior difficulties charge would have created a reasonable probability of a different result, particularly in light of the weakness of the self defense evidence in this case.

At the trial, witness Benjamin Robinson testified that Petitioner and his brother argued with the victim, that Petitioner's brother entreated Petitioner to shoot the victim, and that Petitioner pulled out the gun, fired in the air, and then reached over and shot the victim two times as the victim sat in a car. (R.pp. 104-105). Petitioner testified that after he drew the gun, the victim put his right hand under the seat, and that the victim kept his hand there after the Petitioner shot into the air. However, Petitioner also conceded that he never saw the victim with a gun and that the victim did not threaten to shoot him that day. (R.pp. 182-186, 190, 192-193).

Petitioner's brother testified that as he and the Petitioner were arguing with the victim, the victim told Petitioner he heard Petitioner had a gun, and that the victim taunted Petitioner that he was scared to shoot. At that point, Petitioner pulled out the gun and shot in the air. Petitioner's brother stated that Petitioner and the victim continued to argue until the victim reached underneath the seat. At that point, Petitioner shot him two times in the chest. (R.pp. 151-



153). Petitioner's brother also admitted that he never saw the victim with a gun. (R.pp. 161-163).

Under South Carolina law, a person claiming self-defense must be without fault in bringing on the difficulty, and must be in actual and reasonable fear of imminent danger. See Jackson v. State, 586 S.E.2d 562, 563 (S.C. 2003); State v. Fuller, 377 S.E.2d 328, 330 (S.C. 1989). An individual also has a duty to retreat or take other probable means of avoiding danger unless it would increase his danger of being killed or suffering serious bodily injury. Fuller, 377 S.E.2d at 331. Finally, the recipient of a threat is not entitled to respond with deadly force unless the threatening words are accompanied by threatening acts. See, e.g. Fuller, 377 S.E.2d at 330 ["[W]ords accompanied by hostile acts, may, depending on the circumstances, establish a plea of self defense . . . ."](quoting State v. Harvey, 68 S.E.2d 409, 414 (S.C. 1951)). Cf State v. Rogers, 466 S.E.2d 360, 362 (S.C. 1996)[in the voluntary manslaughter context, noting that words, no matter how opprobrious, are insufficient to constitute adequate provocation where a deadly weapon is used].

Here, the jury had before it the evidence of bad blood between the parties, and the Court charged the jury on consideration of self-defense. (R.p. 248). Based upon a review of the record and applicable caselaw, the undersigned does not find that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312; see State v. Chatman, 519 S.E.2d 100, 102 (S.C. 1999)[self defense charge not warranted in part because defendant could have left and avoided any danger]; State v. Lee, 362 S.E.2d 24, 26 (S.C. 1987)[rejecting charge of self defense for defendant who fired warning shots at a victim sitting in his truck based solely on belief that victim carried a gun under his front seat]; State v. Light 610 S.E.2d 504, 508 (S.C.Ct.App. 2005). This issue is without merit and should be dismissed. See 28 U.S.C. § 2254(d)(1) and (2); Williams v. Taylor,



_supra_; Jackson v. State, _supra_; Fuller, 377 S.E.2d at 330; Harvey, 68 S.E.2d at 414.  See also State v. Rogers, _supra_; State v. Chatman, _supra_; State v. Lee, _supra_.

 **C)** Petitioner next contends that his counsel was ineffective for failing to request an instruction that he was entitled to continue shooting until the threat was neutralized.  As previously discussed, the Petitioner fired in the air once and twice at the victim.  At the PCR hearing, Petitioner's trial counsel testified that while he was aware of the principle that one is entitled to fire until the threat is abated, he did not see that as a real issue in this case, given that Petitioner did not unload the gun and only fired at the victim twice.  Trial counsel also noted that the Solicitor did not argue such a point in closing.  (R.pp. 340-342).

 The PCR judge did not specifically mention this issue in his Order rejecting the claims of ineffective assistance of counsel, and Petitioner failed to raise this issue in his PCR appeal.  Therefore, this issue is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)



["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state…or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert</u>. <u>denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

Since this issue was not pursued by the Petitioner in his PCR appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert</u>. <u>denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Petitioner did not respond to Respondents' argument that no cause has been shown. Therefore, he has failed to show cause for his procedural default on this issue. Nor has Petitioner set forth any arguments which demonstrate that a fundamental miscarriage of justice will occur if this claim is not considered. Hence, this claim is procedurally barred from consideration by this Court and should be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254; <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner



must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

**D)** Petitioner next contends that his counsel was ineffective for failing to object to the judge's charge on the State's obligation to disprove self defense.  The issue was raised on PCR appeal and the South Carolina Supreme Court denied certiorari.

Under South Carolina law, a jury must be instructed that the State has the obligation to disprove the elements of self defense beyond a reasonable doubt; <u>State v. Addison</u>, 540 S.E.2d 449, 451 (S.C. 2000); <u>see</u> <u>State v. Wiggins</u>, 500 S.E.2d 489, 492 (S.C. 1988); even though the United States Supreme Court has held that a state may go so far as to require a *defendant* to prove self-defense by a preponderance of the evidence.  <u>See</u> <u>Martin v. Ohio</u>, 480 U.S. 228, 235-236 (1987).  Thus, South Carolina state law goes further than what is minimally required by the federal constitution.  <u>See</u> generally <u>State v. Bellamy</u>, 359 S.E.2d 63, 65 (S.C. 1987).   On the record before the Court in this case, no federal violation has been shown.

The trial judge instructed the jury: "Now Ladies and Gentlemen, the absence of self-defense has to be proven by the prosecution, that is by the State, beyond a reaonable doubt." The judge went on to remind the jury that it could only convict if it had no reasonable doubt of guilt including consideration of the evidence of self defense.  (R.p. 248).  Petitioner's trial counsel testified that he thought this charge adequately covered the principle;  (R.pp. 339-340, 342); and

16



the PCR Court generally rejected Petitioner's allegation of ineffective assistance of counsel. (R.pp. 356-359). Respondents also point out that the trial judge: (1) extensively charged the jury on the presumption of innocence [R.pp. 230-231]; (2) extensively charged the jury on the burden of proof beyond a reasonable doubt, including defining reasonable doubt as well as noting that the jury had to resolve any issue of fact on which they had a reasonable doubt in favor of the defendant [R.pp. 231-234]; (3) charged the jury that it would have to acquit if after considering all the evidence of self-defense it had a reasonable doubt [R.p. 248]; and (4) charged that the jury had to give Petitioner "the benefit of each and every reasonable doubt on each and every issue" [R.p. 250].

Based upon a review of the record and applicable caselaw, the undersigned does not find that the State court's rejection of this claim was unreasonable, or that Petitioner has shown that the outcome of his trial would have been different even if the charge had been different. Evans, 220 F.3d at 312. This issue is without merit and should be dismissed.  See 28 U.S.C. § 2254(d)(1) and (2); Williams v. Taylor, supra;  State v. Addison, supra; State v. Wiggins, supra; Martin v. Ohio, supra.

**E)** Petitioner next argues that his counsel was ineffective for failing to object to, or seek a mistrial for, alleged prosecutorial misconduct.  Respondents assert that this ground is too general and that Petitioner has failed to state exactly what his argument is under this ground.  As previously noted, Petitioner has not filed a response and has not clarified what the issue is he is seeking to raise here.

To the extent that Petitioner is asserting that his counsel failed to object to the Solicitor's argument on his failure to call witnesses, this issue is addressed separately under

17



Ground One (Subsection I). However, to the extent that Petitioner has intended to assert a claim relating to the Solicitor bolstering or vouching for a witness, the PCR judge did not specifically rule on this issue and it was not raised in Petitioner's PCR appeal. Therefore, that issue is procedurally barred from consideration by this Court. Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911; Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Rodriguez, 906 F.2d at 1159; Mazzell, 88 F.3d at 269; Murray v. Carrier, supra; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. This claim should be dismissed.

      **F)** Petitioner next contends that his counsel was ineffective for failing to raise the victim's alleged reputation for violence. While Petitioner's counsel attempted to ask a state's witness about the victim's reputation for violence, Petitioner claimed at his PCR hearing that his counsel was ineffective in trying to elicit this evidence, and stated that he believed the witness knew a lot more about the victim than he said. (R.pp. 316-317). The PCR court rejected this claim, and it was not raised by Petitioner in his PCR appeal. Therefore, this issue is procedurally barred from consideration by this Court. Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911; Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Rodriguez, 906 F.2d at 1159; Mazzell, 88 F.3d at 269; Murray v. Carrier, supra; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. This claim should be dismissed.

      **G)** Petitioner next argues that his counsel was ineffective for failing to object to the



alleged introduction of his prior bad acts. This issue was also not raised in Petitioner's PCR appeal, and is therefore barred from consideration by this Court. <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Matthews</u>, 105 F.3d at 911; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Mazzell</u>, 88 F.3d at 269; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881.

  **H)** Petitioner next contends that his counsel was ineffective for failing to seek a charge on the concept of defense of others. Petitioner testified that he thought his counsel should have submitted a request for a charge on defense of others since his brother was present and had been hit by the car door, and that "if [the jury] didn't see it from my self defense they could see it as a defense of my brother." (R.p. 319). Although the PCR judge did not make specific findings on this issue, he did make the general finding that Petitioner's counsel was not ineffective. The Supreme Court rejected this claim on appeal, and the undersigned can find no basis in the record to overturn the findings of the State Court. <u>Evans</u>, 220 F.3d at 312.

  "Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense." <u>State v. Starnes</u>, 531 S.E.2d 907, 913 (S.C. 2000). <u>See</u> <u>generally</u> <u>State v. Long</u>, 480 S.E.2d 62 (S.C. 1997). Based on this standard, a defendant cannot rely on a reasonable belief that the person defended was in imminent danger if in fact the person defended could not have successfully raised his own claim of self-defense. <u>Starnes</u>, 531 S.E.2d at 913; <u>State v. Long</u>, <u>supra</u>. Here, Petitioner's brother



testified that by the time the gun was produced and the shooting happened the confrontation was solely between the Petitioner and the victim. (R.p. 152). Petitioner's trial counsel testified that he did not see that the Petitioner's brother was involved in the confrontation at issue to the point where his life was in danger, and counsel thought it would be stronger to argue that Petitioner reacted as he did because his own life was in danger.  (R.pp. 338-339).

While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689.  There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Upon a review of the record in the file consistent with the applicable caselaw, I do not find that the Petitioner was denied effective assistance of counsel due to his counsel's failure to request such a charge, or that the state court's ruling on this issue violated the standard of Evans.  220 F.3d at 312; see also  Williams v. Taylor, supra; Strickland v. Washington, supra. This claim should be dismissed.

**I)** Petitioner next contends that his counsel failed to object to the Solicitor's comments on his failure to call witnesses to testify as to the alleged prior incident in which the



victim robbed Petitioner at gunpoint. The Petitioner raised this issue in his PCR appeal and the South Carolina Supreme Court denied certorari.

As previously discussed, Petitioner and his brother described the alleged prior incident. (R.pp. 154-158, 175-181). During cross-examination, the Solicitor asked the Petitioner who else was present at the time of the incident, and Petitioner responded by listing five people by name, and a sixth person who Petitioner said was his little brother's girlfriend. The Solicitor then inquired as to whether Petitioner told his lawyer and his investigator about this supposed incident, and inquired whether these people could "come here and say [Petitioner] had a justifiable reason to be scared". (R.pp. 195-196). In his closing, the Solicitor pointed out that Petitioner had subpoena power, but that none of the witnesses he identified were presented at trial to back up the story. (R.p. 222).

Under state law, the Solicitor may permissibly comment on an accused's failure to call witnesses if the defendant presents evidence at trial, and there are witnesses the defense did not call who are seemingly accessible to the accused or under his control, cognizant of the supposed facts, and whose testimony would presumably aid or substantiate the defendant's story. Douglas v. State, 504 S.E.2d 307, 309 (S.C. 1998). Here, Petitioner identified people he knew, including his brother's girlfriend. Therefore, these people were "seemingly accessible" to the accused, and the Solicitor's comments were not impermissible. Counsel was therefore not deficient. See Hough v. Anderson, 272 F.3d 878, 898 (7th Cir. 2001)[ineffective assistance claims based on failure to object is tied to the admissibility of the underlying evidence; if evidence admitted without objection is admissible, then the complaint fails both prongs of the Strickland test, as it was neither deficient nor prejudicial]. This claim is without merit and should be



dismissed. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>;

<u>Douglas v. State</u>, <u>supra</u>; <u>Hough v. Anderson</u>, <u>supra</u>.

**II.**

In Ground Two of his Petition, Petitioner contends that,

> Post conviction relief judge erred in forcing applicant to go through with PCR hearing. Counsel stated 3 different times he needed a continuance, that he was unprepared cause Clerk of Court did not give him all my files. Also that applicant wrote to have him dismissed as counsel cause of failure to respond to numerous letters.

The record reflects that, at the PCR hearing, Petitioner's appointed counsel asked

for a continuance to amend the case or add amendments to the application. (R.pp. 303-304).

Counsel stated that Petitioner wanted to amend the application but had not heard from counsel.

Counsel noted a copy of the *pro se* Amended Application was filed on June 18, 2003, and sent to

the State, but that Petitioner had not given it to his counsel until the morning of the hearing, and

thus counsel was unprepared to go forward on those issues. Counsel also reminded the Court that

he had only been appointed in April 2003. The PCR court denied the continuance, but allowed

the amended application, and the hearing went forward. (R.pp. 303-305).

Respondents argue in their memorandum that Petitioner does not explain how he

was specifically prejudiced with regard to any of the claims that were in the *pro se* application,

and that it was Petitioner's own fault that he did not send a copy of the application to his counsel.

Again, Petitioner has not responded to these arguments. In any event, Petitioner's complaints

about alleged infirmities in his PCR proceedings do not state a basis for federal habeas relief. <u>See</u>

<u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-

conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Wright v. Angelone</u>, 151

22

F.3d 151 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]. Therefore, this claim is without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that the indictment was defective because it was filed out of time and failed to allege the essential elements of murder. Respondents argue that this issue, as was the case with Petitioner's previous Ground, is not cognizable in a federal habeas action. The undersigned agrees.

Petitioner is attempting to argue that the state court misapplied state law in his case. However, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions;" Estelle, 502 U.S. at 67-68 ["federal habeas corpus relief does not lie for errors of state law"]; and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). Further, the South Carolina Supreme Court has expressly held that the provision in Rule 3, SCRCrimP, requiring Solicitors to take action on arrest warrants within a certain time period, is purely administrative and nonjurisdictional, and provides no benefit to a criminal defendant from its violation. State v. Culbreath, 316 S.E.2d 681 (S.C. 1984)[discussing the predecessor to Rule 3(c), SCRCrimP].

The state PCR court rejected Petitioner's allegation with regard to the ninety day issue; (R.pp. 352, 359); and Petitioner has failed to present evidence sufficient to show a federal violation. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to



clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]. Petitioner has also not shown any deficiency in his indictment which made his trial so egregiously unfair as to amount to a deprivation of any federal right. <u>Ashford</u> 780 F.2d at 407. Therefore, the timing issue presented by the Petitioner is without merit and should be dismissed.

   With regard to Petitioner's argument that the indictment failed to allege the essential elements of murder, Petitioner did not raise this claim in his PCR appeal so it is procedurally barred. <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Matthews</u>, 105 F.3d at 911;  <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766;  <u>Rodriguez</u>, 906 F.2d at 1159; <u>Mazzell</u>, 88 F.3d at 269; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881.  Furthermore, Petitioner has again not shown any deficiency in his indictment with regard to this issue which made his trial so egregiously unfair as to amount to a deprivation of any federal right. <u>Ashford</u> 780 F.2d at 407. <u>See</u> (R.pp. 358-359). Therefore, this claim is without merit and should be dismissed.

### Conclusion

   Based on the foregoing, it is recommended that the Respondents' motion for



summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 1, 2006



## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street Columbia, South Carolina 29201

