IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joshua Gallishaw, #251362, | ) | C/A NO. 0:05-2949-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| State of South Carolina, and | ) | |
| Henry McMaster, Attorney General of | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* habeas corpus petition filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On August 1, 2006, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and the petition dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 17, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's objections fail to provide any legally relevant argument showing how the Magistrate Judge's finding were erroneous or how the state court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1]

Respondents' motion for summary judgment is **granted** and this petition is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 24, 2006

C:\temp\notesFFF692\05-2949 Gallishaw v. SC e adopt rr gr sumjgm.wpd

---

[1] Petitioner's objections contain an allegation that his trial counsel suffered under a conflict of interest. *See* Objections at 5 (Dkt. #11, filed Aug. 17, 2006). This claim, however, has not been raised in any of Petitioner's state court proceedings, or in the habeas petition currently pending before this court. To the extent Petitioner raises this claim as an ineffective assistance of counsel claim, the claim would be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).